Norman McBride

*v.*

State of Tennessee

(*Jackson,* April Term, 1956.)

Opinion filed April 27, 1956.

AARON BROWN, Paris, for plaintiff-in-error.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Defendant was convicted for the transportation of more than one gallon of intoxicating liquor with his

punishment fixed at one year and a day's confinement in the State Prison from which he has appealed.

A member of the Tennessee Highway Patrol had some general information that the defendant was transporting liquor from either Newbern or Dyersburg into Henry County over Highway No. 54. The description of the vehicle was a green Hudson automobile. It is conceded by the State that this general information alone was not definite enough to warrant an arrest. The next day after receiving this information, this officer was driving along said highway when he met the defendant in a car of the above description. As soon as he could turn his car around he began following the defendant's car but it was out of sight before he could get started in the opposite direction. He then radioed a message to another patrolman stationed at the City of Paris instructing him to intercept the car.

This other patrolman drove in his car to a place near a school and undertook to set up a road block by placing his car in the center of Highway No. 54 and flashing a warning light. Defendant however pulled to the left and drove his car around that of the patrolman and immediately accelerated his speed as soon as he discovered that the patrolman was pursuing him. The patrolman testified that these two vehicles reached a speed of about 85 miles per hour. This pursuit continued for some indefinite distance when the defendant turned his car off of the main highway onto a road which led to the former Camp Tyson, at which point he found that his further progress was blocked by the gate across this road and it was necessary for him to stop his car. The patrolman then came up to the defendant's car and caught defendant by the arm after he had gotten out of his car and

was standing beside it and placed him under arrest for reckless driving. He then put him in the patrol car and by this time the other patrolman had arrived and the two of them looked into the defendant's car and found that there were four or five half-cases of whiskey plainly visible on the floor of the car in front of the back seat.

Subsequently they obtained a warrant for the search of the trunk of the car and there found an additional amount of whiskey. The trial judge ruled however that the State could only show the amount of whiskey found in front of the back seat but ruled out the whiskey found in the trunk.

■ The first insistence of defendant on this appeal is that the court erred in admitting evidence of the finding of the whisky on the back seat of his car. He relies upon the line of cases *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633, where the driver of the automobile was arrested in the sense that he was stopped upon the highway by the officer under the pretext of an inspection of his driver's license whereas the real purpose was to search for intoxicating liquor; also the case of *Epps v. State,* 185 Tenn. 226, 205 S.W.2d 4, where the automobile was stopped by reason of general information and suspicion that there might be more than one gallon of liquor being transported.

In these cases this court said that the stopping of these automobiles without a warrant was a mere fishing expedition and that the same would not justify a search for intoxicating liquor. We do not think those cases are applicable, here, however. While it is true that the officers were trying to stop the defendant, they did not succeed in doing so. It is conceded correctly by the State that if they had stopped him at the attempted road block

on Highway 54, it would have been an unlawful arrest. The defendant bypassed this attempted road block, however, and instead of continuing on down Highway 54 he turned off on a side road where he himself was forced to come to a halt when he reached the gate of the Camp Tyson property and in reaching that point he was guilty of reckless driving, so, that being an offense committed in the presence of the pursuing officer, it justified the arrest. Under those circumstances we think the officer was justified in going up to the car and in observing the whisky that was plainly visible therein. These assignments are therefore overruled.

■■ Assignments 4, 5, and 9 claim prejudice and that the court improperly denied a mistrial by reason of the fact that the State's witnesses were not able to state definitely whether the liquor which was produced before the jury was that found on the floor in front of the rear seat or that which was found in the trunk, the court having ruled out the latter.

After the liquor was taken from defendant it was turned over to the Sheriff and the two batches of liquor were not separately marked but the officers testified that the liquor exhibited was a part of the liquor that was taken from the automobile although they could not say from which part of the automobile it was taken. The court stated that he allowed the liquor to be introduced only for the purpose of showing the quantity. We do not see how the defendant was prejudiced however because the officers definitely testified as to the quantity of liquor that they saw on the floor in front of the rear seat as being substantially more than 1 gallon. These assignments are overruled. Next the complaint is made that the jury after some deliberation returned a verdict of guilty

of receiving, transporting and possessing, but the court informed them that they could find defendant guilty of only one of the offenses charged in the indictment, since all three grew out of the same transaction. The court instructed them to deliberate further, after which they returned their verdict finding him guilty of transporting more than one gallon.

It is insisted by defendant that the court erred in not accepting the first verdict of the jury. There is no merit in this contention. The judge acted strictly in accordance with his duty in sending the jury back to correct their verdict. See *Alexander v. State,* 189 Tenn. 340, 225 S.W. 2d 254; *Riley v. State,* 189 Tenn. 697, 227 S.W.2d 32, and *Waddle v. State,* 112 Tenn. 556, 82 S.W. 827.

█ Complaint is made that the court did not charge the jury with regard to the punishment to be assessed until after they had found defendant guilty, after which the court then charged with reference to the punishment and permitted the introduction of evidence of previous similar violations of law by the defendant. There was no error in this because it could not have been handled in any other way. The other offenses were violations of the liquor laws and the introduction of same into evidence before the jury found him guilty would have violated the rule in regard to the admissibility of other offenses as fully discussed in *Harris v. State,* 189 Tenn. 635, 227 S.W.2d 8 and would have been prejudicial to defendant even though admitted solely for the purpose of aiding the jury in the determination of what punishment they should assess if they found him guilty.

All assignments are overruled and the judgment of the lower court is affirmed.