Hugh Mays

*v.*

State of Tennessee.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

130

Archie T. Lawrence, Chattanooga, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Mays was convicted for driving while under the influence of an intoxicant and sentenced to serve eleven (11) months and twenty-nine (29) days in the workhouse. He

was also convicted on a second count in the same indictment for public drunkenness and fined $50 and costs.

The Assistant Attorney General for the State filed a brief herein suggesting that certain corrections be made in the judgment of the court which are obviously in error in view of the holding of this Court in *Frost v. State*, October, 1959, 205 Tenn. 671, 330 S.W.2d 303. The plaintiff in error has filed no brief nor assignments of error but these questions which the Assistant Attorney General suggests that we should act on were raised in the motion for a new trial and are shown in the technical record. Therefore, it is entirely proper and correct for the Assistant Attorney General to point out these things to the Court, and it is likewise our duty to correct these errors which are apparent on the face of the technical record.

The indictment in this case did not give notice to defendant that he would be tried for driving while under the influence of an intoxicant for the fifth time. The record does show that after the verdict of guilty was entered the evidence of four prior convictions was presented to the jury before the punishment was fixed by that body and that this procedure was objected to by counsel, and yet, after objection, the jury did fix the punishment as herein shown. The possibility is that at the time this was done the trial judge had before him the opinion of this Court in *McBride v. State*, 200 Tenn. 100, 290 S.W. 2d 648, but did not have the latter case of *Frost v. State*, supra, and it was for this reason that the error herein came about.

Subsequent to our decision in *McBride v. State*, supra, the Federal Court in *Rhea v. Edwards*, 6 Cir., 238 F.2d

850, held that the failure to give notice that evidence was going to be offered of these prior convictions was unconstitutional as contravening the Fourteenth Amendment. This case was referred to and fully discussed in *Frost v. State,* supra. It is for this reason that the punishment as fixed herein for eleven (11) month and twenty-nine (29) days, and which was done when the defendant had no notice that the evidence of these prior convictions was going to be offered to show this fact, was illegal and this judgment will have to be set aside. When and if notice is given to the defendant of these facts, then a proper judgment may be entered herein.

In *Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738, we held that a case might be remanded for the purpose of having another jury fix the punishment in the case. Thus it is that we think herein that the case should be remanded. Since a jury was demanded to fix the punishment in this case they may fix the punishment in the case without having presented to them the evidence of previous convictions since the evidence of these previous convictions was not given to this defendant.

The defendant in this case was convicted while driving under the influence of an intoxicant and of public drunkenness, both of which grew out of the same state of facts. The judgment in the instant case as to this $50 fine was not proper, and the conviction should be limited to the count charging operating an automobile while under the influence, and thus it is that this judgment of the $50 fine for public drunkenness will be set aside and for nothing held. *Dowdy v. State,* 158 Tenn. 364, 13 S.W.2d 794.

The case is thus reversed and remanded for the fixing of the punishment for drunken driving.