**Roy NOWLIN, Petitioner-Appellant,**

v.

**W. S. NEIL, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

No. 20809.

United States Court of Appeals,
Sixth Circuit.

May 21, 1971.

---

Gareth S. Aden, Nashville, Tenn., Court appointed, on brief, for petitioner-appellant.

R. Jackson Rose, Nashville, Tenn., for respondent-appellee; Robert H. Dedman, Special Counsel, Nashville, Tenn., on brief; David M. Pack, Atty. Gen. and Reporter, Nashville, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KENT, Circuit Judges.

PER CURIAM.

Nowlin, who received concurrent sentences for burglary in the State courts of Tennessee, appeals from this second denial of his application for writ of habeas corpus. The first sentence was imposed after a jury trial on a two count indictment charging him with third degree burglary and with being an habitual criminal.

The jury found him guilty of burglary and not guilty on the habitual criminal count. The second sentence is on Now-lin's plea of guilty under a second indictment for burglary. The guilty plea under this second indictment was negotiated by Nowlin's two court appointed attorneys, with Nowlin's approval. As a result of this plea of guilty, Nowlin's second sentence of three years runs concurrently with his first sentence of three to ten years. He also escaped the possibility of another prosecution under the Tennessee Habitual Criminal Statute, T.C.A. § 40–2801 et seq.

On the former appeal, this court remanded the case to the District Court for further consideration in the light of Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707, which was decided after the first decision of that court.[1]

The first issue on this appeal is whether Nowlin was advised by his attorneys of his right to appeal from his first conviction and was denied his constitutional right to an appellate review of his conviction by the acts and omissions of his court-appointed counsel. Following a thorough evidentiary hearing the District Court made a finding of fact to the effect that, due to the efforts of his attorneys, Nowlin had an adequate understanding of the options before him at the conclusion of his trial, including the right to appeal, and on the basis of that understanding decided not to appeal. From a review of the record, we conclude that this finding of fact is not clearly erroneous, Rule 52(a), Fed. R.Civ.P., but to the contrary is supported by substantial evidence.

The second issue on appeal grows out of the decision of the Supreme Court of Tennessee in Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713, holding that it was reversible error to prosecute a defendant for a substantive offense and as a habitual criminal before the same jury at the same time. This ruling by the Supreme Court of Tennessee was given prospective applica-

---

1. At the time of the first decision Nowlin was serving a prior sentence following revocation of parole. He had not yet begun to serve the two concurrent burglary sentences.

**10**

tion, including "those cases *now* in the appellate process" and future cases. If Nowlin had appealed from his conviction, his appeal would have been "in the appellate process" at the time *Harrison* was decided, and his first conviction would have been reversed under that decision.

Appellant contends that he was denied a fundamental constitutional right by the failure of the Supreme Court of Tennessee to give retroactive application to its ruling in Harrison v. State, *supra.* We hold this argument is without merit. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. *See also* Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

Affirmed.