**STATE of Tennessee, Appellee,**

v.

**Bobby Gene GIVENS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 18, 1982.

Permission to Appeal Denied by Supreme Court April 12, 1982.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, William H. Crabtree, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Albert J. Newman, Jr., Knoxville, for appellant.

OPINION

WALKER, Presiding Judge.

In the first phase of his bifurcated trial, the jury found the appellant, Bobby Gene Givens, guilty of third degree burglary and fixed his punishment at not less than six nor more than ten years in the penitentiary. The jury then considered evidence on the habitual criminal charge and found Givens guilty of being an habitual criminal. In accordance with the verdict, the trial judge sentenced him to life imprisonment.

On his appeal Givens contends that (1) the evidence is insufficient in that it did not show that he had the requisite criminal intent for third degree burglary; (2) he was prejudiced by the words "HABITUAL CRIMINAL (NIA on Habitual)" appearing on the indictment first submitted to the jury; and (3) the court erred in admitting evidence of a number of crimes occurring on the same day. We find no reversible error and affirm the conviction.

The state's evidence, which the jury accredited, showed that, at approximately 11:00 p. m., June 3, 1979, one Michael Ray Loop noticed two legs sticking out of a window of the Glenwood Sandwich Shop in Knoxville. He called the police and Officers Mynatt and Stansberry arrived at the scene within a few minutes. They found the appellant inside the building kneeling by a machine. He had a knife belonging to the sandwich shop. Other than a broken window, all other entrances to the building were locked.

Officer Mynatt attracted Given's attention and instructed him to go to the broken window and leave the building. Givens followed these orders and was placed under arrest. The officers did not smell alcohol and did not think he was intoxicated. He talked with them.

Testifying in his own behalf, Givens said that he was highly intoxicated that day; that he thought the sandwich shop was a vacant building and he crawled through an open window "to sleep it off." He said he found the knife on the street and that he had not disturbed anything in the building. He presented evidence that he was an alcoholic. Two of his relatives testified to his intoxication that day. A psychologist testified to his alcohol dependence but said that it would not affect his ability to determine the wrongfulness of his act, to conform his conduct to the law, or to perceive reality.

■ The defense of intoxication negating specific intent is a question of fact for the jury upon receiving proper instructions. *Bradford v. State*, 208 Tenn. 500, 347 S.W.2d 33 (1961); *Harrell v. State*, 593 S.W.2d 664 (Tenn.Cr.App.1979). The appel-

lant recognizes that the instructions were proper. The jury's verdict accredited the testimony of the state's witnesses. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). The evidence is sufficient to convince any rational trier of fact of appellant's guilt beyond a reasonable doubt. T.R.A.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The issue on the sufficiency of the evidence is without merit.

■ Only the first count, that charging third degree burglary, was submitted to the jury in the first phase of the trial. The back of the indictment for that count was styled, "THIRD DEGREE BURGLARY AND HABITUAL CRIMINAL (NIA on Habitual)."

In contending that the jury was improperly informed of his previous convictions, the appellant relies on *Harrison v. State*, 217 Tenn. 31, 394 S.W.2d 713 (1965). That case says:

"(I)t is prejudicial error to *allow knowledge or evidence of previous convictions*, enhancing the penalty upon conviction of the present crime, to be placed before the jury prior to their determination of defendant's guilt or innocence of the present crime." (emphasis added) 217 Tenn. at 41, 394 S.W.2d 713.

Both in his direct evidence and on cross-examination, the appellant admitted the 13 felony convictions alleged in the indictment as well as at least three other felony convictions. By Givens' own testimony the jury had knowledge of the convictions he claims prejudicial. The appellant was caught inside the store which was burglarized. With overwhelming proof of his guilt, these words on the back of the indictment could not have affected the verdict of the jury. This issue is overruled.

■ Finally, the appellant contends that the court erroneously permitted evidence of more than one felony conviction for offenses occurring on the same day and also evidence of his conviction for assault to commit voluntary manslaughter.

The state offered proof of 13 prior felony convictions of the appellant. They occurred on six different days during a three-month period in 1970. The appellant pleaded guilty to the 13 charges on the same day in January, 1972. The appellant does not claim that the number of prior convictions required by T.C.A. 40–2801 has not been proven. cf. *Clayborne v. State*, 596 S.W.2d 820 (Tenn.1980).

In *McMath v. State*, 544 S.W.2d 902 (Tenn.Cr.App.1976), this court held that it was proper to introduce evidence of multiple convictions for offenses occurring on the same day. As long as a defendant has the requisite number of convictions occurring at different times, the habitual criminal conviction must be affirmed.

Assault with intent to commit voluntary manslaughter is not one of the crimes specified by T.C.A. 40–2801. However, only two of the three prior felonies required for a finding of habitual criminality must be specified in T.C.A. 40–2801. This conviction was properly introduced into evidence.

All issues are overruled and the judgment is affirmed.

DAUGHTREY and BYERS, JJ., concur.