791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TERRY LEE CLIFTON, Plaintiff-Appellant,
v.
JERRY WOODALL, Defendant-Appellee.
 85-5804
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the district court's dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is incarcerated at the Morgan County Regional Prison, Wartsburg, Tennessee. He filed his complaint on October 18, 1984, seeking $2,000,000.00 in compensatory damages and $4,000,000.00 in punitive damages on his claim that the defendant/appellee, Madison County's prosecutor, tampered with the indictment under which appellant was eventually convicted. The district court dismissed the complaint on the basis that the prosecutor was absolutely immune from damages in a Sec. 1983 suit. Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 3
 The record establishes that appellant was indicted on January 5, 1983, on a charge of larceny in violation of Tennessee Code Sec. 39-4202. As required by Tennessee law, Harrison v. State, 217 Tenn. 31, 394 S.W. 2d 713 (1965), the first indictment was devoid of any reference to the habitual criminal charge. The jury found appellant guilty of larceny. Subsequently, a second indictment was presented to the jury wherein appellant was charged as a habitual criminal in violation of T.C.A. Sec. 40-2901. The second indictment contains the larceny charge as originally presented to the jury. Appellant was found guilty of violating the habitual criminal statute and was sentenced to life imprisonment.
 
 
 4
 Appellant's claim that the prosecutor tampered with the indictment is apparently based on his misunderstanding of criminal procedure in Tennessee. The first indictment presented to the trial jury is devoid of any reference to the habitual criminal charge because the jury should not know of previous criminal convictions or of additional charges that may result from the case at trial. See Harrison, supra. After returning a guilty verdict on the charge of larceny, the jury was then permitted to view the indictment which included the habitual criminal charge.
 
 
 5
 There is nothing in the record to suggest that the prosecutor acted outside his official capacity. Consequently, the case was properly dismissed pursuant to Imbler, supra.
 
 
 6
 It appears that the questions upon which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the judgment of the district court be affirmed.