IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



FILED

January 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 01C01-9612-CC-00536 |
| Appellee | ) | |
| | ) | RUTHERFORD COUNTY |
| v. | ) | |
| | ) | Hon. James K. Clayton, Jr. |
| MICHAEL ELMORE ROBINSON | ) | |
| | ) | (D.U.I., 3rd Offense) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Michael J. Flanagan
95 White Bridge Road, Ste. 208
Nashville, TN. 37205

John G. Mitchell, Jr.
P.O. Box 1336
Murfreesboro, TN. 37130

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
2nd Floor Cordell Hull Building
Nashville, TN. 37243-0493

William C. Whitesell, Jr.
District Attorney General

John W. Price, III
Assistant District Attorney
303 Rutherford Co. Jud. Bldg.
Murfreesboro, TN. 37130

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, SPECIAL JUDGE

## OPINION

The appellant, Michael Elmore Robinson, appeals as of right the conviction he received in the Rutherford County Circuit Court. After a jury trial, the appellant was convicted of driving a motor vehicle while under the influence of an intoxicant, his third offense, and was fined eleven hundred ($1,100) dollars. The trial court sentenced him to eleven (11) months and twenty nine (29) days, with one hundred and fifty (150) days to be served in the Rutherford County work house, and the remainder to be served on supervised probation. Appellant's driver's license was revoked for a three-year period.

On appeal, the appellant contends that the statutory presumption of intoxication for multiple D.U.I. offenders, Tenn. Code Ann. § 55-10-408(b) (Supp. 1995), violated his right to equal protection. We conclude that section 55-10-408(b) does not violate equal protection; however, certain procedures must be implemented to insure that the statute comports with the right to a fair trial. For the reasons provided herein, the judgment of the trial court is affirmed.

## BACKGROUND

During the early morning hours of July 16, 1995, the appellant was involved in a minor one-car accident in Rutherford County. Deputies from the Rutherford County Sheriff's Department found the appellant asleep in his car while parked against a stop sign on Crescent Road.[1] State Trooper John Albertson testified that he arrived at the scene around 5:00 a.m. and found the appellant sitting in his car with the driver-side door open. Trooper Albertson observed two beer cans inside the vehicle and noticed that the appellant smelled strongly of alcohol. He also noticed that appellant's speech was slurred and that he had difficulty walking.

---

[1]Apparently, the appellant's car had rolled off the road until it came to rest against a stop sign. The car was found parked with its back-end extending into the middle of an intersection.

The appellant admitted to the trooper that he had consumed alcoholic beverages around 1:30 a.m. that morning and had fallen asleep on his way home. Suspecting that the appellant was intoxicated, Trooper Albertson administered four separate field sobriety tests. The appellant was asked to recite the alphabet, count to five on his fingers, stand on one leg, and walk a straight line, heel to toe. Trooper Albertson testified that he gave the appellant several opportunities to perform each task; however, the appellant was unable to complete any of the four. Thereafter, the appellant was placed under arrest and taken to a hospital emergency room for a blood test.

The appellant signed a consent/waiver form and gave a blood sample around 5:30 a.m. Trooper Albertson preserved the sample and shipped it by mail to the T.B.I. Crime Lab where it was analyzed by forensic scientist, Edward L. Kuykendall. Mr. Kuykendall testified that the appellant's blood/alcohol level was 0.13 grams percent at the time the sample was taken.

The State presented the above evidence to establish appellant's guilt on the present D.U.I. offense. At the close of the evidence, the State requested a jury instruction on the statutory presumption of intoxication contained in Tenn. Code Ann. § 55-10-408(b) (Supp. 1995). That instruction is required in cases where the defendant has one or more prior D.U.I. convictions. The trial court conducted a hearing outside the presence of the jury, but did not make a formal finding on the record of appellant's prior D.U.I. convictions. The trial court granted the State's request and instructed the jury in pertinent part as follows:

> If you find from the proof that the Defendant was found by means of a blood test to have eight-hundredths of one percent or more by weight of alcohol in his blood, you, the jury, are permitted to infer that the Defendant was under the influence of such intoxicant and that the Defendant's ability to drive was therefore impaired sufficiently to constitute a violation of the law against driving under the influence of alcohol.

The jury convicted the appellant of driving under the influence as charged. Thereafter, both the State and the appellant stipulated to appellant's prior D.U.I. convictions: (1) September 5, 1991 in the Rutherford County General Sessions Court; and (2) November 26, 1991 in the Bedford County Sessions Court. The State read the two prior convictions into the record, and the trial court sentenced the appellant for third offense D.U.I.[2]

On appeal, the appellant challenges the statutory presumption of intoxication contained in Tenn. Code Ann. § 55-10-408(b) (Supp. 1995). Under that provision, a defendant may be presumed to have been under the influence of an intoxicant, for the purposes of D.U.I., if there is evidence that at the time alleged, the defendant's blood/ alcohol level was eight-hundredths of one percent (.08%) or greater. The presumption, however, is applicable only to defendants who have been previously convicted of D.U.I. one (1) or more times. Otherwise, for first-time offenders, the presumption of intoxication begins at ten-hundredths of one percent (.10%) blood/ alcohol level. Tenn. Code Ann. § 55-10-408(a) (Supp. 1995).[3]

The appellant argues that Tenn. Code Ann. § 55-10-408(b) violates his right to equal protection because the 0.08 presumption of intoxication applies only to defendants who have prior D.U.I. convictions, while first-time offenders receive the 0.10 presumption.

**DISCUSSION**

Equal protection of the laws is guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 8 of the Tennessee Constitution. The

---

[2]Transcripts from the sentencing hearing were not made a part of the record on appeal.

[3]In 1995, the General Assembly amended Tenn. Code Ann. § 55-10-408(a) to read: "Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%) or more by weight of alcohol in the defendant's blood shall be *conclusive proof* that the defendant was under the influence of such intoxicant ..." Id. (emphasis added). The State Attorney General declared that provision unconstitutional because it relieved the State of its burden of proving intoxication beyond a reasonable doubt. Tenn. Op. Atty. Gen. No. 95-117 (Nov. 28, 1995). Under the current statutes, both the 0.10 percent standard and the 0.08 percent standard are rebuttable presumptions of intoxication. See Tenn. Code Ann. § 55-10-408 (1998).

4

concept of equal protection under both the federal and state constitutions is that "all persons similarly circumstanced shall be treated alike." Doe v. Norris, 751 S.W.2d 834, 841 (Tenn. 1988) (quoting F.S. Royster Guono Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 562, 64 L.Ed. 989 (1920)). "Conversely, things which are different in fact or opinion are not required by either constitution to be treated the same." Norris, 751 S.W.2d at 841; see also Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).

The determination of what is "different" and what is the "same" generally resides with our state legislature. Norris, 751 S.W.2d at 841. When those legislative determinations are challenged, this Court's inquiry is generally limited to whether the classifications have a reasonable relationship to a legitimate state interest. See State v. Southern Fitness and Health, Inc., 743 S.W.2d 160, 164 (Tenn. 1987); State v. Black, 745 S.W.2d 302, 305 (Tenn. Crim. App. 1987), *per. app. denied* (Tenn. 1987). However, if a classification discriminates against a suspect class or infringes a fundamental right, we must review it with strict scrutiny: the State must demonstrate that the classification has been narrowly tailored to fulfill a compelling governmental interest. Plyler, 457 U.S. at 217, 102 S.Ct. at 2395; State v. Tester, 879 S.W.2d 823, 828 (Tenn. 1994).

The appellant contends that Tenn. Code Ann. § 55-10-408(b) impinges the fundamental right to a fair trial because it lowers the burden of proof with respect to repeat D.U.I. offenders. As such, he argues that this Court should review the statute with strict scrutiny. We disagree.

In all D.U.I. cases, regardless of the presumptive intoxication level, the State has the burden of proving beyond a reasonable doubt that the defendant operated a motor vehicle while under the influence of an intoxicant. If the defendant is a multiple D.U.I. offender, the jury may presume that the defendant was intoxicated if it finds beyond a reasonable doubt that the defendant's blood/alcohol level was 0.08 percent

or greater. Tenn. Code Ann. § 55-10-408(b) (Supp. 1995). The jury, however, is free to disregard that presumption and rely strictly upon the evidence presented at trial. In addition, the defendant may rebut the presumption by introducing evidence to the contrary.

We conclude that Tenn. Code Ann. § 55-10-408(b) does not violate the right to a fair trial by lowering the presumptive level of intoxication for repeat D.U.I. offenders. Our analysis under equal protection is whether the statute is rationally related to a legitimate governmental interest.

The legislature, in the instant case, has determined that D.U.I. crimes are a growing problem on the highways and roadways in Tennessee. The legislature may have reasonably concluded that repeat D.U.I. offenders represent a greater risk to the public than first-time offenders because of their propensity towards driving while intoxicated. To deter that criminal activity, the legislature has seen fit to lower the statutory presumption of intoxication to 0.08 percent for repeat D.U.I. offenders. The appellant concedes that the State of Tennessee has a legitimate interest in protecting its citizens from those offenders. The 0.08 presumption of intoxication is rationally related to deterring D.U.I. crimes and is, therefore, valid under equal protection.

Nevertheless, we find that the application of Tenn. Code Ann. § 55-10-408(b) presents procedural concerns in the guilt phase of D.U.I. trials. The statutory presumption of intoxication under section 408(b) is applicable only where the defendant has one or more prior D.U.I. convictions. Therefore, before the trial court can instruct the jury under that statute, there must first be a finding that the defendant is a prior D.U.I. offender.

Our Supreme Court has held that it is prejudicial error to allow the jury to hear evidence of a defendant's prior convictions before the jury determines guilt or innocence of the present crime. Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713, 717 (1965). In Harrison, the Supreme Court addressed the use of a defendant's prior

6

convictions for the purpose of enhancing punishment under the habitual criminal statutes. 394 S.W.2d at 714-17. The Court noted that in some jurisdictions, evidence of prior convictions may be presented to the jury during the prosecutions' case in chief. Id. at 714-15.[4] That method allows the jury to consider the defendant's prior convictions before it has rendered a verdict on the defendant's guilt or innocence of the present crime. Id.

The Court recognized the obvious risk of prejudice when a jury learns of a defendant's prior convictions while determining guilt or innocence of the present offense. See id. at 717. The Court, therefore, concluded that even with a special jury instruction, there is no way to guarantee a fair process unless evidence of prior convictions is shielded from the jury until after it renders a verdict on the present charge. Id.

Following Harrison, trial courts have incorporated bifurcated trial procedures in cases where a defendant is charged with a repeat D.U.I. offense. See Crawford v. State, 469 S.W.2d 524, 525 (Tenn. Crim. App. 1971), *per. app. denied* (Tenn. 1971).[5] Indictments in those cases generally include two counts, the first count charging the defendant with the present D.U.I. offense, and the second count alleging the prior D.U.I. convictions. In the first stage of trial, the jury is permitted only to determine guilt or innocence of the present offense alleged in count one. If the jury finds the defendant guilty of that offense, then, and only then, may the jury hear and consider evidence of the prior convictions for the purpose of determining punishment. See id.

In this case, we are not concerned with the enhanced punishment of D.U.I. offenders. Instead, we must address the manner in which evidence of a defendant's

---

[4]The Harrison Court characterized that method as the "common law method." See id. at 714-15 (citations omitted).

[5]Similar to the habitual criminal statutes at issue in Harrison, supra at 714, the D.U.I. laws in Tennessee allow enhanced punishment for repeat D.U.I. offenders. Tenn. Code Ann. § 55-10-403(a)(1) (Supp. 1995).

prior D.U.I. convictions can be introduced during the guilt phase of trial for the purposes of instructing the jury.

The bifurcated trial procedures were mandated by our Supreme Court in Harrison, supra at 717, before the General Assembly created the "repeat offender" provision in Tenn. Code. Ann. § 55-10-408(b) (Supp. 1995). Accordingly, we must presume that the General Assembly had knowledge of those procedures and intended for them to apply in cases where the jury is charged under the 0.08 presumption. Aside from special exceptions,[6] the jury must not hear or consider evidence of a defendant's prior D.U.I. convictions until after it has determined guilt or innocence of the present D.U.I. offense. See Harrison, 394 S.W.2d at 717; Crawford, 469 S.W.2d at 525. Nevertheless, Tenn. Code Ann. § 55-10-408(b) implicitly requires consideration of prior convictions before the jury is instructed on the presumptive standard of intoxication.

This apparent conflict may be reconciled in a manner that upholds the validity of the statute. We conclude that in D.U.I. cases, the trial court must make the determination of the defendant's prior convictions, if any, outside the presence of the jury. If the trial court finds by a preponderance of the evidence that the defendant has a prior D.U.I. record, then the court shall charge the jury under the standard set forth in Tenn. Code Ann. § 55-10-408(b).

### CONCLUSION

In all D.U.I. cases, it is the trial court's duty to instruct the jury under the appropriate statute governing the presumption of intoxication. When the defendant is a first time offender, the presumption of intoxication is 0.10 percent blood/alcohol level or greater. Tenn. Code Ann. § 55-10-408(a). Otherwise, the text of section 408(b) provides that an accused may be presumed to be intoxicated if his or her

---

[6]Nothing in this opinion is intended to disturb Rule 404(b) or Rule 609 of the Tennessee Rules of Evidence.

8

blood/alcohol level is 0.08 percent or greater, when the accused has one or more prior D.U.I. convictions. Tenn. Code Ann. § 55-10-408(b).

In this case, the record is unclear whether the trial court made a specific finding of appellant's prior D.U.I. convictions before instructing the jury. However, we presume that the trial court made such a finding during the hearing outside the presence of the jury. The trial court heard arguments for and against the section 408(b) provision and decided to charge the jury under the 0.08 standard.

The record reflects that the appellant's blood/alcohol level was 0.13 percent following his arrest in Rutherford County. Based upon that evidence and the trial court's instruction, the jury was free to convict the appellant under the 0.08 presumption of intoxication or other evidence that appellant was intoxicated while operating a motor vehicle. We find no reversible error in that proceeding and affirm the judgment of the trial court.

_____
WILLIAM M. BARKER, Special Judge


CONCUR:


_____
JOE G. RILEY, JUDGE


____(Not Participating) [*******]_____
JOE B. JONES, Presiding Judge

---

[*******] Judge Jones died on May 1, 1998, following a distinguished career as a trial attorney and as a respected member of the Court of Criminal Appeals since his appointment in November, 1986. He will be greatly missed.

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

STATE OF TENNESSEE          )
                            )          NO. 01C01-9612-CC-00536
        Appellee            )
                            )          Rutherford County No. 34917
v.                          )
                            )          Hon. James K. Clayton, Jr.
MICHAEL ELMORE ROBINSON     )
                            )          (D.U.I., 3rd Offense)
        Appellant.          )
                            )          AFFIRMED

JUDGMENT

Came the appellant, Michael Elmore Robinson, by and through counsel, and also came the attorney general on behalf of the State, and this matter was heard on the record on appeal from the Circuit Court of Rutherford County; and in consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

In accordance with the opinion filed herein, it is, therefore, ordered and adjudged that the judgment of the trial court is affirmed, and this case is remanded to the Circuit Court of Rutherford County for the execution of the judgment of that court and for the collection of costs accrued below.

Costs of appeal will be paid into this Court by the appellant, Michael Elmore Robinson, for which execution may issues if necessary.

In the event the appellant indicates the intention to file an application for permission to appeal to the Supreme Court, his bond shall be set in the total amount of $5,000, with sufficient sureties to be approved by the Clerk of the trial court; pending the filing and disposition of said application, and in default of such bond, he will be remanded to the Sheriff of Rutherford County.

William M. Barker, Special Judge
Joe G. Riley, Judge