IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

FILED

July 21, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

AT KNOXVILLE

JUNE 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9802-CC-00074 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| JACK WARREN EMERT, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Sexual Battery) |

FOR THE APPELLANT:       FOR THE APPELLEE:

| | |
|---|---|
| **MACK GARNER** | **PAUL G. SUMMERS** |
| District Public Defender | Attorney General & Reporter |
| | |
| **JULIE A. MARTIN** | **MARVIN S. BLAIR, JR.** |
| P.O. Box 426 | Asst. Attorney General |
| Knoxville, TN 37901-0426 | Cordell Hull Bldg., 2nd Fl. |
| (On Appeal) | 425 Fifth Ave., North |
| | Nashville, TN 37243-0493 |
| **NATALEE HURLEY** | |
| Asst. District Public Defender | **MIKE FLYNN** |
| 419 High St. | District Attorney General |
| Maryville, TN 37804 | |
| (At Trial) | **KIRK ANDREWS** |
| | Asst. District Attorney General |
| | 363 Court St. |
| | Maryville, TN 37804 |

OPINION FILED:_____

AFFIRMED

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was found guilty by a jury of aggravated sexual battery and was sentenced to a term of ten years to be served in the Tennessee Department of Correction. The trial court denied the defendant's subsequent motion for a new trial. The defendant now appeals and contends that the evidence is insufficient to support his conviction and that his sentence is excessive. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the trial court.

The evidence at trial indicated that on February 8, 1996, the defendant was visiting the victim's parents in their home. At approximately 5:45 p.m., the victim's parents left the house for an appointment at Accu-Tax. Before leaving, the victim's parents asked the defendant to stay with the victim and he agreed. While at Accu-Tax, the victim's mother received a phone call from a friend who indicated that the victim had been molested. The victim's parents rushed home to find the victim crying and "hysterical." The defendant was sitting on the couch watching television. The police arrived shortly thereafter and the defendant was escorted off the premises.

According to the victim, after her parents left the house she and the defendant started playing with a water bottle. After she squirted the defendant with water, he playfully chased her around the house. The victim, who was ten years old at the time, tried to hide from the defendant. The defendant then came up behind the victim, held her arms, covered her mouth, and said, "Shhh, be quiet, don't scream." The defendant slid his free hand down the inside of the front of her shirt and touched and rubbed her breasts and nipples. The victim testified that the touching lasted for approximately fifteen seconds while she was struggling to get loose. After freeing herself

2

from the defendant, the victim ran to the bathroom and locked the door. The defendant came to the door and told the victim there was no use in telling anyone what had happened because her father would not believe her. A short while later, the victim left the bathroom, went into her mother's bedroom, and called a family friend who in turn contacted the victim's mother.

The defendant also testified at trial. According to the defendant, after playing with a water bottle, he and the victim sat down to watch television. They could not agree on which television show to watch. The defendant then told the victim to go to her room and she "threw a fit." The defendant approached the victim and "pointed her towards . . . her bedroom." The defendant claimed he touched the victim's sides and the victim fell to the floor causing her shirt to "come up." The defendant testified that when he tried to pick the victim off the floor, she claimed he touched her breasts and ran into her mother's bedroom. The defendant testified that he did not intentionally touch the victim's breasts.

The defendant now contends that the evidence is insufficient to sustain his conviction. Specifically, the defendant argues that there was no evidence that he intentionally touched the victim's chest for purposes of sexual arousal or gratification, an essential element of the crime of aggravated sexual battery. See T.C.A. §§ 39-13-501(6), 504.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which

3

may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Aggravated sexual battery is defined by statute as the "unlawful sexual contact with a victim by the defendant" when "[t]he victim is less than thirteen (13) years of age." T.C.A. § 39-13-504(a). "Sexual contact" is defined as the "intentional touching of the victim's . . . intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." T.C.A. § 39-13-501(6).

The evidence adduced at trial established that the defendant held the victim's arms, put his hand over her mouth, told her to be quiet, slid his hand under her shirt, and rubbed her breasts and nipples. This touching continued until the victim was able to free herself from the defendant's hold. The victim's testimony indicated that the touching was purposeful rather than accidental. This Court has held that jurors may use

4

their common knowledge and experience in making reasonable inferences from the evidence. State v. Meeks, 876 S.W.2d 121, 131 (Tenn. Crim. App. 1993). As such, the jury could have drawn on common knowledge to reasonably infer that the defendant rubbed the victim's breasts for the purpose of sexual arousal or gratification. See id. Thus, we find the evidence sufficient to sustain the defendant's conviction for aggravated sexual battery. See State v. Terrell Dion Cowans, No. 02C01-9610-CC-00359, Henry County (Tenn. Crim. App. filed November 20, 1997, at Jackson) (holding proof that the defendant forced the eleven-year-old victim onto the floor and fondled her breasts on top of her clothes sufficient to support a conviction for aggravated sexual battery).

The defendant further claims that based on his level of intoxication, he "could not have obtained sexual arousal or gratification by any means, much less a quick feel of the victim's breast." The defendant argues that his level of intoxication interfered with his ability to form the requisite mens rea. We note that while voluntary intoxication is not a defense to the commission of an offense, it is admissible when relevant to negate a culpable mental state. T.C.A. § 39-11-503(a). Whether the defendant's level of intoxication is of such a degree to negate the required mens rea is a question for the jury to decide. State v. Jeffery Martin Wallace, No. 02C01-9708-CC-00305, Henry County (Tenn. Crim. App. filed November 5, 1998, at Jackson)(citing State v. Bell, 690 S.W.2d 879, 882 (Tenn. Crim. App. 1985); State v. Givens, 631 S.W.2d 720, 721 (Tenn. Crim. App. 1982)). "In essence, the determinative question is not whether the accused was intoxicated, but what was his mental capacity at the time of the incident." State v. Jeffery Martin Wallace, No. 02C01-9708-CC-00305, Henry County (Tenn. Crim. App. filed November 5, 1998, at Jackson)(citing Harrell v. State, 593 S.W.2d 664, 672 (Tenn. Crim. App. 1979)). In finding the defendant guilty, the jury implicitly found that the defendant acted intentionally. This finding is supported by the victim's testimony that the defendant

held her arms and covered her mouth while rubbing her breasts. Although the defendant testified that any touching that occurred was merely accidental, it was within the province of the jury to accredit or discredit such testimony. See Cabbage, 571 S.W.2d at 835. In light of its verdict, the jury obviously found that the defendant acted intentionally rather than accidentally, and we will not disturb the jury's factual finding on appeal. Id.

The defendant next contends that his sentence is excessive. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence within the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The defendant concedes that the trial court appropriately applied enhancement factor (1), that the defendant has a previous history of criminal convictions

6

and criminal behavior, and enhancement factor (6), that the personal injuries inflicted upon the victim were particularly great. T.C.A. § 40-35-114(1), (6). However, the defendant challenges the trial court's consideration of three citations of contempt that were filed at the time the defendant was sentenced. The trial court stated that although there was no proof in the record regarding the disposition of the citations, the citations did indicate "a failure to follow some orders arising from [other] convictions. Evidently that doesn't weigh very heavily in my estimation, but it is present." As there was no evidence in the record regarding the facts surrounding the citations or the disposition of the citations, it was improper for the trial court to consider the citations as an enhancement factor. However, the trial court placed little emphasis on this factor.

The defendant also contends that the trial court failed to consider several mitigating factors. The defendant first argues that the trial court should have considered as a mitigating factor the fact that he acted under strong provocation. T.C.A. §40-35-113(2). The defendant argues that his level of intoxication in conjunction with "the horseplay between him and the victim followed by their argument over the TV should have been considered as strong provocation" by the trial court. According to the defendant, "[a]lcohol is known to bring out the worst in people, and it is hard to imagine someone not reacting under strong provocation when he is drunk, soaking wet and being argued with and yelled at by a child of this age." However, the defendant cites no authority to support his contentions. In addition, the record does not contain any evidence of strong provocation that would justify mitigation of the defendant's sentence. As such, this contention is without merit.

The defendant next contends that the trial court should have considered as a mitigating factor the fact that there was a lack of sustained intent to violate the law.

7

T.C.A. § 40-35-113(11). In support of this, he argues that he was intoxicated, he was arguing with the victim, he was soaking wet, and this incident lasted only seconds. However, the testimony indicated that the defendant came up behind the victim, held her arms, covered her mouth, told her to "be quiet," fondled her for approximately fifteen seconds, and then told her that there was no use in telling anyone about the incident because she would not be believed. These facts are inconsistent with the defendant's argument that he did not have a sustained intent to violate the law. As such, we find no merit to this contention.

The defendant further contends that the trial court should have applied his remorse as a mitigating factor. T.C.A. § 40-35-113(13). However, a sentencing court is not required to consider the defendant's remorse as a mitigation factor. Therefore, failure to apply such a mitigator to reduce the defendant's sentence cannot be considered an error. As such, this contention is also without merit.

The possible range of punishment for this offense is eight to twelve years. In light of the foregoing applicable enhancement factors and lack of applicable mitigating factors, it was entirely proper for the trial court to sentence the defendant to a term of ten years as a Range I standard offender.

The defendant next contends that the trial court erred in not placing him in a community corrections program rather than incarceration. To be eligible for consideration of a sentence in a community corrections program, an offender must meet the requirements of T.C.A. § 40-36-106. In this case, the defendant was convicted of aggravated sexual battery, which is a felony offense involving a crime against a person as provided in title 39, chapter 13, parts 1-5. As such, the defendant is ineligible for

8

community corrections sentencing under subsection (a).  <u>See</u> T.C.A. § 40-36-106(a)(2).

The defendant contends that he is eligible for community corrections sentencing under the special needs provision of the sentencing statute.  T.C.A. § 40-36-106(c).  However, "[b]efore an offender may be sentenced pursuant to subsection (c), the offender must be found eligible for probation."  <u>State v. Grigsby</u>, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997)(<u>citing</u> <u>State v. Staten</u>, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989)).  The defendant was convicted of T.C.A. § 39-13-504, aggravated sexual battery, and is therefore statutorily ineligible for probation.  <u>See</u> T.C.A. § 40-35-303(a).  As such, the defendant is also ineligible for community corrections sentencing under subsection (c).  In light of the foregoing, the trial court properly ordered the defendant to serve his sentence of ten years in the Tennessee Department of Correction.

Accordingly, we affirm the defendant's conviction and sentence.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge

9