BALDWIN *v.* STATE.

(*Knoxville,* September Term, 1947.)

Opinion filed October 18, 1947.

DODSON & DODSON, of Kingsport, for plaintiff in error.

J. MALCOLM SHULL, Asst. Atty. Gen., for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal from a conviction on a charge of violation of the age of consent. The punishment was fixed at

three years in the State penitentiary. The plaintiff in error seasonably filed his motion for a new trial and has perfected his appeal.

In view of the disposition we must make of the case we will refrain from any comment on the evidence and the various assignments made except number five (5) which is to the effect that there was no verdict of the jury on which a judgment of conviction could be based.

This assignment is based on the following colloquy between the trial judge and the jury.

"By the Court: Have you agreed?

"By a Juror: We have agreed with certain recommendations to the Court.

"By the Court: How do you find?

"By a Juror: Guilty, and fix the punishment at the minimum sentence. We would like to recommend this sentence be suspended if he will contribute $25.00 per month to the support of this child for as long as the Court deems it necessary. If this is not acceptable we would like to go back for further consideration.

"By the Court: You find him guilty and fix his punishment at 3 years, and make this recommendation?

"By the Juror: Yes, sir, and if that is not acceptable we would like to go back.

"By the Court: Well, gentlemen I can't bargain with him.

"By Mr. Dodson: Now, your Honor, we want to make a motion for a new trial, when does your Honor want to hear it?"

It will be observed from the above that the jury returned a verdict only if its recommendations were accepted. The jury very plainly told the Court that if these recommendations were not acceptable, they had not agreed. Regardless of this statement of the jury, the

judge put down a judgment of conviction and sentenced the plaintiff in error (defendant) to three years in the penitentiary.

■ There is no verdict, so long as there is any uncertainty or contingency as to the 'finality of the determination of the jury. See 23 C. J. S., Criminal Law, Sec. 1393, page 1072. The jury after hearing the evidence adduced at the trial and the charge of the court should act without regard to the effect of their verdict on the defendant or anyone else. There must be finality in so far as they are concerned.

Counsel for the respective parties have filed excellent briefs herein. We have carefully considered the authorities cited and have likewise made an independent investigation of the authorities ourselves. A very clear and explicit definition of a verdict is contained in the following language:

''For the verdict is the definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination—a process in which not only must deliberation precede determination, but in which so long as the one continues the other has not been reached. Hence so long as the jury is in common parlance 'agreeing upon its verdict' it has not convicted the defendant and the process of agreeing upon a verdict continues as long as there is any uncertainty or contingency as to the 'finality of such determination.'' *State* v. *Williams,* 89 N. J. L. 234, 98 A. 416, 417.

■ Obviously there was no verdict in the instant case. Cases are cited by the State in which there was a verdict followed by a recommendation. The verdict in these cases was accepted and the recommendation held to be surplusage. In each instance though there was finality in

the jury's determination. There was no hesitation or vacillation on their part; no telling the Court that if their recommendation was not accepted they wanted to return and deliberate further. This statement of the jury within itself nullifies their verdict.

For the reasons set forth the case must be reversed and remanded for a new trial.

All concur.