BROESTLER *v.* STATE.

(*Knoxville*, Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

524

Ely & Ely, of Knoxville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

The plaintiff in error was indicted, tried and convicted for assault and battery in two cases with his punishment fixed at a fine of $25 in each case with a 30-day jail sentence added by the Trial Judge.

Broestler got drunk and while in this condition, assaulted a 17-year old boy who was taking tickets at a picture show in Oak Ridge. This assault was completely without provocation. The manager of the picture show came to the boy's rescue and after Broestler was ejected from the picture show the manager was assaulted. Separate indictments were returned for each assault. Apparently when he was arrested he resisted and was likewise indicted for this. The indictment for the last offense is not before us. Broestler was tried on the two assault cases together by consent.

The transcript does not show the return of the jury and their answer but a minute order entered on the return of the jury shows that "said jury reported a verdict of guilty and fined him $25.00 and costs on each of three cases." The second day after the entry of this minute entry the plaintiff in error filed his motion for a new trial. The Trial Judge overruled this motion and expressly held in the order overruling the motion that the two assault cases, only, were tried. In the order overruling this motion the Trial Judge ordered "that he serve a period of thirty days in jail."

██ It is insisted that the verdict of the jury is void because it undertakes to bring in a verdict for an offense for which the plaintiff in error was not on trial, *i. e.*, "on each of the three cases." As heretofore said this record clearly shows only two cases were on trial. The verdict was general as to these two cases and was responsive to the issues. Under such circumstances the "findings may be rejected as irresponsive and therefore surplusage." 23 C. J. S., Criminal Law, sec. 1397, page 1076; *Wade* v. *State*, 174 Tenn. 248, 124 S. W. (2d) 710.

██ We are urged to reverse this judgment because the district attorney general said to counsel representing the accused, in the presence of the jury, "you intended to submit in two cases and move to quash the indictment in the other." This statement was made prior to the empaneling of the jury, herein, in a colloquy between counsel preliminary to the trial herein. In view of the facts of the instant case such a statement would not be prejudicial. The plaintiff in error admitted these assaults, without provocation, and plead for mercy because of his drunken condition.

██ It is contended that the Trial Judge erroneously charged the jury. The charge of the Court is not in the transcript. For very obvious reasons we cannot take an excerpt from the supposed charge and say that the charge as a whole is erroneous. *Owen* v. *State*, 84 Tenn. 1; *Holder* v. *State*, 119 Tenn. 178, 104 S. W. 225.

██ It is also said that the Trial Court erred in not giving a special charge as requested by the plaintiff in error. Of course, in the absence of the Court's charge, we cannot consider this assignment. How are we to know whether or not such a request was in fact covered in the main charge without that charge before us? Then too, the alleged special request is not contained in the bill of

exceptions. In so far as this record shows it is in the motion for a new trial only. *Frazier* v. *State,* 117 Tenn. 430, 450, 100 S. W. 94.

This record discloses that after the Court overruled the motion for a new trial herein the plaintiff in error "moved in arrest of judgment on the ground that the two alleged offenses were but one continuous alleged criminal act and that the Court having fined him in cause No. 4005, was without jurisdiction to impose a fine or other punishment in No. 4006, and that to do so would be excessive punishment . . . "

 In considering this motion a consideration of the evidence is obviously necessary. A motion in "arrest of judgment" addresses itself to errors appearing on the face of the technical record and not to the evidence contained in the bill of exceptions. The evidence in a case forms no part of the technical record. *State* v. *Ferguson,* 165 Tenn. 61, 52 S. W. (2d) 140. The denial of the motion in "arrest of judgment" was not error.

 In administering punishment in misdemeanor cases the Courts of this State have long followed the common law rule. That is to say a fine and imprisonment, or either, is fixed at the discretion of the Court. When the performance of any act is prohibited by statute, and no penalty is imposed for the violation of such statute, the doing of such act is denominated a misdemeanor by Code section 10755. Our Code further provides that the fine may be assessed by the Court if under $50, and by the jury if over $50 Code, section 11799. Any imprisonment in such a case is to be fixed by the Court. Code, section 11765; *Bradley* v. *State,* 159 Tenn. 432, 19 S. W. (2d) 260. This has long been the law in this State. The Legislature of 1947, in their wisdom, saw fit to change these rules when certain prerequisites are met, by

528

the enactment of Chapter 82 of the Public Acts of 1947. The applicable portion of this Act provides:

"That whenever any person be indicted or presented in a Court of Record for the alleged commission of any misdemeanor, and shall plead not guilty and be tried by jury, *upon demand of defendant seasonably made, the trial jury shall* as a part of their verdict *assess the punishment* for such offense both as to *fine* and *imprisonment* within the limits now or hereafter prescribed by law." (Italics ours.)

This provision has now been codified and is found in the 1947 Pocket Supplement to Volume 7 of the Code as Section 11760.1. This enactment became the law as of March 6, 1947, and repealed all laws in conflict therewith. We have italicized the key words of this statute for the purpose of emphasis. It will be noted from a careful reading and study of this statute that the jury "shall as a part of their verdict, assess the punishment for such offense both as to fine and imprisonment" when the defendant demands seasonably that they do so. Therefore unless such demand is seasonably made, the rules above enumerated are still in force.

The record herein is absolutely silent on the question last above discussed. We must assume that no demand or even request was made for the jury to fix the punishment herein. It was, therefore, not error for the Trial Judge to add the jail sentence.

It is very vigorously argued here that only one punishment can be given on these two indictments because the second assault is merely an outgrowth of the first. The facts here show two separate and distinct assaults on two different people. A conviction could be had in the one and not in the other or a conviction may be had in both. The reason is that each offense requires

proof of facts additional to those involved in the other. It is true that the two assaults occurred very near together in point of time but they are separate and distinct. See 22 C. J. S., Criminal Law, sec. 9, pages 59, 60. In sec. 287, at page 431 of the same work it is said:

"A conviction of an affray by beating one person in public will not however, bar an indictment for assault and battery in striking another at the same time and place."

For the reasons given herein, the judgment below must be affirmed.

All concur.