RILEY *v.* STATE.

*(Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

698

Tony Maxey, of Livingston, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This appeal involves the unlawful possession of whisky. The defendant was convicted of possessing and the

jury imposed a fine of $200. While no formal assignments of error are filed the appellant complains generally (1) of the search of his room being made without a warrant and (2) that the trial judge was in error in not accepting the first verdict of the jury and in directing them to consider further of the penalty to be imposed.

C. M. Riley lived alone in a room over an old store building situated on the side of Highway No. 42. The entrance to his room was effected by a stairway running on the outside of the building. At the time the search was made some officers had observed the appellant as he went up the stairway followed by some young men. Shortly thereafter they observed them drinking out of a bottle and the passing of money to the plaintiff in error. These officers arrested Riley and discovered 41 pints of red whisky in the attic. The appellant complains that these officers were trespassing upon his property and hence his arrest and the search of his room were unlawful. The record fails to show whether these officers were standing on the right of way of Highway No. 42 or upon the property of the plaintiff in error. The store house in question was very close to the road. The plaintiff in error introduced no evidence on the trial, but relied solely upon the invalidity of the search.

The jury first reported a verdict of guilty and assessed his punishment at $100 to which the court responded: "Then you do not impose any Jail Sentence?"

"Foreman: We didn't think we had anything to do with that.

"The Court: Yes, gentlemen, I told you that the defendant had made the demand, as he has a right to do under the law, that you fix the whole punishment, ordinarily, the question of a Jail sentence is left to the dis-

cretion of the Court, but when this case was started the defendant made the demand, that you fix the whole punishment, and under the law it became your duty to do that.

"Foreman: We didn't understand it.

"The Court: (addressing the whole Jury) You will retire gentlemen and consider further of this case as to whether you will or will not impose any sentence of imprisonment, on this defendant."

The defendant objected to the action of the court on the ground that the jury had already reported its verdict. The court responded to this objection as follows:

"They didn't consider the matter of imprisonment because they didn't understand that they had anything to do with that. Gentlemen of the Jury, you will again retire and consider of this case further on the question of whether or not you will impose any sentence of imprisonment, I charge you that it is a matter wholly in your discretion. You do not have to impose any sentence, in other words, you may or may not impose a sentence in this case, if you think that under the facts no sentence should be imposed you will say so, but if you think that some sentence of imprisonment should be imposed then you will fix the time at any period you may determine not to exceed Six Months. You will retire Gentlemen?

"Mr. Maxie: The defendant again objects to this procedure of having the Jury to retire again in this case after it has delivered a verdict.

"The Court: Objection overruled."

The jury shortly thereafter returned into open court and reported as follows: "We fix a fine of $200.00 and no jail sentence." The defendant excepted to the action of the court which exception was overruled.

▪ ▪▪ In response to the first assignment of error we are constrained to hold that the burden rests upon the accused to establish the unlawful search of his premises, that is before a search would be held illegal it must appear from the record that there was a conscious trespass upon the premises.

▪ The evidence in the instant case, resulting from the search of the premises, should not be excluded unless it definitely appears that the officers of the law were consciously trespassing upon the premises searched. We presume that the officers in the instant case were acting lawfully, in that they were not upon his premises, but upon the right of way of the public road as they observed the actions of Riley in making a sale of whisky.

▪ We cannot agree with the counsel for the appellant that the trial judge committed error in directing the jury to retire and consider further of their verdict. It clearly appears that he did not, in any sense, coerce the jury in reaching its verdict. We have quoted the exact language of the court, and he made it plain to the jury that they did not have to impose any sentence and that the matter rested entirely within their discretion.

The jury in its first report to the court made no reference to the imposition of a jail sentence in addition to the fine of $100. The trial judge refused to accept the verdict, evidently believing that the jury intended to leave the question of a jail sentence to him as was the usual custom. He thereupon called their attention to the fact that this was a part of their duty under the law; that they could add a jail sentence or not at their discretion.

We think the first verdict reported was not final, inasmuch as it was based upon a misconception of their duty

in the premises. This is borne out by the fact that, following additional instructions to which we have made special reference, the fine was increased to $200 rather than imposing a jail sentence to the $100 fine first reported to the court.

In *Baldwin* v. *State,* 185 Tenn. 205, 204 S. W. 2d 1018, it was held: "There is no verdict, so long as there is any uncertainty or contingency as to the finality of the determination of the jury." Citing 23 C.J.S., Criminal Law, Section 1393, page 1072. In the same volume, Section 1412, page 1112, it is said: "It has been held that, where the jury are sent back to reconsider and correct a defective verdict, they may then disregard their original verdict and return an entirely different one". Now in the instant case the verdict as first reported to the court was not in fact "defective", but was based upon an erroneous view of their duty. Under the weight of authority the trial court was fully justified in declining to accept the first verdict, and the second was not invalid since it was responsive to the issues, and the trial court had in no way improperly influenced their final decision.

The case of *Dougherty et al.* v. *Shown et al.,* 48 Tenn. 302, which is strongly relied upon by the plaintiff in error is at variance with *George* v. *Belk,* 101 Tenn. 625, 49 S. W. 748, and should not be followed. Moreover it is not controlling in the instant case for the further reason that there the jury had been discharged and the court undertook to recall them and send them back under additional instructions for further consideration of the case. The first verdict of the jury should not have been accepted by the trial judge.

■ ■ In *George* v. *Belk, supra,* it was held: "The Court has the power, and it is his duty, when a jury offers

to return an informal or insufficient verdict, to send them back to the jury room with directions to amend it and put it in proper form. And the jury may, at any time before their discharge, amend their verdict, under direction of the Court, so as to conform to the law.''

The assignments of error are overruled, and the judgment of the trial court is affirmed.

All concur.