Johnny **EDWARDS**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Aug. 14, 1972.

Certiorari Denied by Supreme Court
Feb. 5, 1973.

Charles Morrow, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Martha Craig Daughtrey and E. E. Edwards, III, Asst. Dist. Attys. Gen., Nashville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

We consider two appeals by the defendant, Johnny Edwards.

In two cases the Davidson County grand jury indicted Edwards for abduction of a female from her parents and for contributing to the delinquency of a minor. On his trial the court directed a verdict on the first count but the jury found him guilty of contributing to the delinquency of a minor and fixed his punishment at 11 months and 29 days in jail. The trial judge added a fine of $10. After the denial of his new trial motion, he appealed his conviction and sentence to this court.

More than 30 days after his appeal was prayed and granted, Edwards filed a petition for writ of error coram nobis alleging that the principal witness, the 14-year-old girl, Janet Weatherly, had been forced to testify falsely by her mother and that he was convicted by her false testimony. The girl's affidavit is attached to the petition.

On the state's motion to strike, the trial court dismissed the petition for writ of error coram nobis on the ground that it had no jurisdiction since the case was then on appeal to this court. We agree.

A writ of error coram nobis does not lie while an appeal is pending. 24 C. J.S. Criminal Law Sec. 1606(9), page 701, says:

"Seeking a writ of coram nobis while an appeal from a conviction is pending is improper even if the grounds on which the writ is sought are not available on the appeal itself."

It results that the judgment of the trial court dismissing the petition for writ of error coram nobis is sustained.

The defendant, age 24, had returned from military service about a year before and lived in Nashville across the street from the prosecutrix, Mrs. Helen Goodman, mother of Janet Weatherly.

The state's proof showed that the daughter, Janet, left home for school Monday, May 24, 1971, and Mrs. Goodman did not find her until Friday, May 28. On Tuesday, Mrs. Goodman asked the defendant to tell her where her daughter was. The defendant laughed, told her he did not know and if he did he would not tell her, that he was telling her nothing.

On Friday, Mrs. Goodman learned that her daughter was at an old dairy barn. She found Janet there with a 15-year-old girl friend. When Mrs. Goodman arrived, the defendant was running through a field. Mrs. Goodman says she caught up with him and he kept saying, "I wouldn't hurt Janet."

Janet Weatherly testified she did not go to school Monday, May 24, 1971, but went to the apartment of a girl friend's parents. There she met the defendant and they planned to go to Arizona the following day in the defendant's truck. She went home about 3:00 P.M. The next morning she took the bus to school and went to a service station where she met the defendant.

She and the defendant went to Lebanon and stayed a short time at his brother's apartment. In the afternoon they returned to Nashville and Edwards checked into a motel where she spent the next three nights with him. He left during the days. After the third night, he took her again to the girl friend's home. The defendant went home and got his clothes and said they were going to Arizona but could not leave that day because the police were chasing him. A girl there said she knew an old dairy barn where they could stay that night. The defendant took her and two other girls there in his truck and he went home. He returned about the time her mother arrived. One of the girls was there with Janet at the time.

Janet Weatherly testified that after this incident she was at a lake with a group including the defendant; that he gave her some beer which he got from her brother-in-law. She says she is in love with the defendant.

The defendant did not testify. His 15-year-old sister testified that he took her to the lake for a picnic and they met Janet and her group by coincidence and Janet's brother-in-law brought Janet and the beer.

■ Under the rules laid down in Birdsell v. State, 205 Tenn. 631, 330 S.W.2d 1,

we think the defendant's conduct sustains the conviction for contributing to the delinquency of a minor. Although there is no statutory requirement for corroboration in the testimony of the youthful witness to sustain a conviction, the defendant's conduct and the circumstances when the mother came to the dairy barn to get her daughter corroborate the daughter's testimony. Janet's reputation for truth and veracity was not impeached, and her testimony is not inherently improbable or incredible. The evidence does not preponderate against the verdict.

■ By an assignment, the defendant's attorney says he had been recently ill and was not physically and mentally able to try the case; that this resulted in his failure to call a material witness who would have testified to the defendant's whereabouts on a night the state alleged he was at the motel with the girl. The record shows no motion for a continuance and this complaint was first made in the motion for a new trial. It is without merit.

The defendant contends the prosecutor asked leading questions of some of his witnesses. We find no prejudicial error.

■ The trial judge gave a written charge to the jury in this misdemeanor case. At its conclusion, the defendant requested that he instruct on failure of a defendant to testify. The trial judge orally gave a proper instruction on this question. There was no error in failing to give this in writing. The defendant did not prepare a requested instruction and there is no contention that the one given was incorrect.

The defendant complains of the ten-dollar fine imposed by the trial judge in addition to the jail term fixed by the jury.

By the trial judge's instructions, the defendant says the judge was precluded from assessing the fine and that the improper fine voids the judgment.

■■ The record shows no request by the defendant for the jury to fix all the

punishment, both fine and imprisonment in accordance with T.C.A. 40–2704. When no request is made, the punishment in misdemeanor cases is fixed by the court unless otherwise provided. T.C.A. 40–2702; Broestler v. State, 186 Tenn. 523, 212 S. W.2d 366. The trial judge had authority to fix both the fine and imprisonment. His judgment approving the jury's action and adding a ten-dollar fine is valid.

All assignments are overruled and the judgment is affirmed.

GALBREATH and MITCHELL, JJ., concur.