# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1999 SESSION

**FILED**

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| | | M1998-00789-CCA-R3-CD |
| **STATE OF TENNESSEE,** | * | No. 01C01-9808-CR-00337 |
| **Appellee,** | * | DAVIDSON COUNTY |
| **V.** | * | Hon. Steve Dozier, Judge |
| **GARY J. GREER,** | * | (Aggravated Sexual Battery) |
| **Appellant.** | * | |

For Appellant:
Jeffrey A. DeVasher
Assistant Public Defender
1202 Stahlman Building
Nashville, TN  37201

Laura C. Dykes
Assistant Public Defender
1202 Stahlman Building
Nashville, TN  37201

James P. McNamara
Assistant Public Defender
1202 Stahlman Building
Nashville, TN  37201

For Appellee:
Paul G.  Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Patty Ramsey
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN  37201-1649

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The appellant, Gary J. Greer, appeals his conviction by a jury in the Davidson County Criminal Court of aggravated sexual battery. Pursuant to the appellant's conviction, the trial court imposed a sentence of fifteen years incarceration in the Tennessee Department of Correction. On appeal, the appellant presents the following issues for our consideration: (1) Whether the trial court erroneously required the jury to resume deliberations when, contrary to the trial court's instructions, the jury returned verdicts of guilt on both counts of the appellant's indictment; (2) Whether the trial court erred in accepting the jury's subsequent verdict of guilt of aggravated sexual battery; and (3) Whether the trial court's supplementary instructions to the jury improperly influenced the jury's deliberations. Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

## I. Factual Background

On March 25, 1997, a Davidson County Grand Jury indicted the appellant on one count of aggravated rape of Marian Greer, accomplished by the use of force or coercion and while the appellant was armed with a weapon, Tenn. Code Ann. § 39-13-502(a)(1) (1997), and, in the alternative, one count of aggravated rape of Marian Greer, causing bodily injury to the victim, Tenn. Code Ann. § 39-13-502(a)(2). At the appellant's trial, the State's proof established that, on January 21, 1997, the appellant assaulted his cousin, Marian Greer. During the course of his assault, the appellant threatened Ms. Greer several times with a butcher knife. Additionally, he tied her hands behind her back, and, upon encountering resistance from Ms. Greer, placed her in a "choke hold." Subsequently, he removed her pants and underwear and attempted to engage in sexual intercourse with her.[1] A subsequent physical examination of Ms. Greer confirmed the presence of sperm in the outer area of her vaginal opening. Ms. Greer additionally suffered a small abrasion on her lip and "bloody conjunctival

---

[1]In convicting the appellant of aggravated sexual battery, the jury declined to find that sexual penetration had occurred.

sclera" or bleeding in her eyes possibly caused by trauma to her eyes.

Following the State's presentation of proof and the trial court's denial of the appellant's motion for a judgment of acquittal, the appellant declined to offer any proof. The trial court then conferred with the parties concerning proposed jury instructions. The parties agreed upon the lesser included offenses encompassed by each count of the indictment. However, defense counsel expressed some concern that the jury would not understand that the two counts of the indictment represented two alternative theories of guilt requiring only one verdict. The trial court acknowledged the possibility of confusion but concluded that the proposed jury instructions were adequate.

The trial court instructed the jury that Count One of the indictment, charging the appellant with aggravated rape accomplished by the use of force or coercion and while the appellant was armed with a weapon, encompassed the following lesser included offenses: (1) rape accomplished by the use of force or coercion, Tenn. Code Ann. § 39-13-503(a)(1) (1996); (2) aggravated sexual battery accomplished by the use of force or coercion and while the appellant was armed with a weapon, Tenn. Code Ann. § 39-13-504(a)(1) (1997); (3) sexual battery accomplished by the use of force or coercion, Tenn. Code Ann. § 39-13-505(a)(1) (1996); (4) aggravated assault with a deadly weapon causing bodily injury to another, Tenn. Code Ann. § 39-13-102(a)(1)(B) (1997); and (5) assault causing bodily injury to another, Tenn. Code Ann. § 39-13-101(a)(1) (1997). With respect to Count Two of the indictment, charging the appellant with aggravated rape causing bodily injury to the victim, the trial court instructed the jury on the following lesser included offenses: (1) rape accomplished by the use of force or coercion, Tenn. Code Ann. § 39-13-503(a)(1); (2) aggravated sexual battery causing bodily injury to the victim, Tenn. Code Ann. § 39-13-504(a)(2); (3) sexual battery accomplished by the use of force or coercion, Tenn. Code Ann. § 39-13-505(a)(1); (4) aggravated assault causing serious bodily injury to another, Tenn. Code Ann. § 39-13-102(a)(1)(A); and (5) assault causing bodily injury, Tenn. Code Ann. § 39-13-

3

101(a)(1).

> The trial court also provided the following instructions to the jury:
>
> > The crime charged in each count of the indictment is a separate and distinct offense. You must decide each count separately on the evidence and law applicable to it. You are reminded, however, that in this particular case, Count One of the indictment charges the defendant with aggravated rape accomplished by force or coercion and armed with a weapon. Count Two of the indictment charged the defendant with the offense of aggravated rape causing bodily injury.
> >
> > You are further reminded that if you find the defendant guilty of one count of aggravated rape, you may not find him guilty of the other count of aggravated rape with respect to the same alleged victim. In that event, you would simply report your verdict as to one specific count of aggravated rape, and state in your verdict which count you are referring to, and remain silent as to the other count. This same rule applies if the defendant should be found guilty of the lesser included offenses embraced with either count of aggravated rape.
> >
> > If, after consideration of all the facts in this case, you have a reasonable doubt of the guilt of the defendant of any offenses heretofore defin[ed] and explained to you, it would be your duty to give the defendant the benefit of such doubt and your verdict would be simply "not guilty."

Following deliberation, the jury announced a verdict of guilt of aggravated assault for Count One of the indictment and a verdict of guilt of aggravated sexual battery for Count Two of the indictment. Upon the jury's pronouncement of two verdicts of guilt, the trial court conferred with counsel outside the jury's presence. The court suggested that it simply repeat the instructions quoted above. While expressing concern that the jury would again fail to comprehend the instructions, defense counsel otherwise proffered no objection. Accordingly, the trial court repeated the above jury instructions verbatim and requested that the jury "retire and consider [its] verdict after that instruction."

When the jury again retired to the jury room in order to resume its deliberations, defense counsel objected to the trial court's restatement of the original instructions due to the trial court's reference to the original charges of aggravated rape. Defense counsel argued that the instructions conveyed to the jury the trial

4

court's dissatisfaction with the jury's verdicts of guilt of lesser included offenses and invited the jury to again consider the offense of aggravated rape. The trial court overruled defense counsel's objection.

Following additional deliberation, the jury announced a verdict of guilt of aggravated sexual battery for Count One of the indictment, whereupon the trial court polled the jury members, confirming the unanimity of their verdict. Subsequently, outside the jury's presence, defense counsel again proffered an objection, noting that the jury's initial verdict had acquitted the appellant of aggravated sexual battery with respect to Count One of the indictment. Defense counsel asked that the trial court enter a verdict of guilt of aggravated assault for Count One. The trial court in turn deferred consideration of the appellant's objection until the hearing on the appellant's motion for new trial. Following this hearing on July 17, 1998, the trial court denied the appellant's motion.

## II. Analysis

### A. The Jury's Verdict

The appellant argues that, when the jury returned verdicts of guilt for both counts of the appellant's indictment, the trial court should have accepted the jury's verdict of guilt of aggravated assault for Count One of the indictment and disregarded as mere surplusage the jury's verdict of guilt of aggravated sexual battery for Count Two. The appellant explains that, because "[t]he jury in this case was specifically instructed not to consider count two if they reached a verdict on count one, and were also instructed that the [appellant] could be convicted on either, but not both, counts one and two," the jury's legal duties ended when they unanimously determined that the appellant was guilty of aggravated assault with respect to Count One.

Initially, the jury's return of two verdicts of guilt clearly reflected their failure to comprehend the trial court's instructions. If the jury's resolution of the case was uncertain due to their misapprehension, their legal duties were not discharged.

5

Turning to the clarity of the jury's findings, we acknowledge that, as a general rule, matter contained in a verdict which is immaterial or not responsive to the issues presented at trial may simply be rejected as surplusage by the court. 89 C.J.S. Trial § 509 (1955). See also, e.g., Broestler v. State, 212 S.W.2d 366, 367 (Tenn. 1948)(citation omitted)(verdict of guilt of offense for which the defendant was not on trial could be rejected as "'irresponsive and therefore surplusage'"). However, we reject the appellant's argument in this case that the jury's verdict for Count Two of the indictment, finding the appellant guilty of aggravated sexual battery causing bodily injury to the victim, was immaterial or not responsive to the issues. On the contrary, whether or not the appellant sexually assaulted his cousin and in what manner were the principal issues in the case.

In other words, *each* verdict returned by the jury represented an alternative potential resolution of the principal issues at the appellant's trial. Of course, a jury's return of multiple verdicts in a case in which only one judgment of conviction can lie does not necessarily require the resumption of deliberations. In some circumstances, a trial court may simply dismiss or vacate one of the verdicts or "merge" the jury's findings into one judgment of conviction. For example, in State v, Addison, 973 S.W.2d 260, 265-267 (Tenn. Crim. App. 1997), the State charged the defendant with first degree premeditated and deliberate murder and first degree felony murder in two separate counts of the indictment although only one killing had occurred. The jury returned verdicts of guilt for each count. Id. This court held that, when two separate counts of an indictment charge two separate means of committing the same offense and the jury returns verdicts of guilt for both counts, a trial court may dismiss one of the counts or, preferably, allow the jury's verdicts to stand as legitimate findings of fact and merge the same offense counts into one judgment of conviction. Id. at 267. We explained that, if the means of committing the offenses are not mutually exclusive, "there is no legal bar to verdicts being returned for both counts." Id.

Another somewhat different example occurs when two counts of an

indictment charge two different offenses, one of which is a lesser included offense of the other, and the jury returns verdicts of guilt for both counts. In State v. Banes, 874 S.W.2d 73, 75-79 (Tenn. 1993), the State charged the defendant in two counts with aggravated rape and aggravated sexual battery, the latter being a lesser included offense of the former, and the jury returned verdicts of guilt for both counts. The Tennessee Supreme Court observed that

> [i]n the circumstance, in which two guilty verdicts are returned as to alternative charges, the guilty verdict on the greater charge stands and the guilty verdict on the lesser charge merges into the greater charge.

Id. at 81 (footnote omitted). Unlike the case of multiple verdicts for first degree premeditated murder and first degree felony murder, the jury's verdicts of greater and lesser included offenses do not stand as equally legitimate findings of fact, but "the less important ceases to have an independent existence." State v. Cribbs, No. 02C01-9508-CR-00211, 1997 WL 61507, at *17 (Tenn. Crim. App. at Jackson, February 14, 1997), affirmed by State v. Cribbs, 967 S.W.2d 773 (Tenn.), cert. denied, __ U.S. __, 119 S.Ct. 343 (1998).


The court in Banes also suggested that, in a case warranting only one judgment of conviction, a trial court might "merge" two verdicts of guilt of different offenses even though neither offense is a lesser included offense of the other. 874 S.W.2d at 81 n. 10 (citing 11 David Louis Raybin, Tennessee Practice: Criminal Practice and Procedure § 16.20, at 413 (1985)). Cf. State v. Baldwin, 867 S.W.2d 358, 360 n. 1 (Tenn. Crim. App. 1993)(the defendant was charged alternatively and in separate counts with the sale of cocaine, possession of cocaine with intent to deliver, and possession of cocaine with intent to sell; this court observed that, had the jury returned verdicts of guilt for all three counts, the judge could have dismissed any convictions to avoid double jeopardy). Again, "the law . . . refers the verdict to the highest offense, or the highest grade of offense." Walton v. State, 448 S.W.2d 690, 696-697 (Tenn. Crim. App. 1969), overruled on other grounds by Greer v. State, 539 S.W.2d 855 (Tenn. Crim. App. 1976).[2]

---

[2]In Walton, we addressed the validity of two judgments of conviction arising out of different criminal proceedings. Id. at 692. Nevertheless, the court relied upon cases addressing the validity of multiple verdicts in a single proceeding. Id. at 696-697 (citing, for example, Patmore v. State, 277 S.W. 892

In this case, although the two separate counts of the indictment essentially charged two different means of committing the same offense, the jury returned two verdicts of guilt of different offenses, neither of which is a lesser included offense of the other. The appellant has cited no pertinent authority for the proposition that, under these circumstances, the trial court was required to automatically accept the jury's verdict of guilt for Count One. As noted above, case law in this State suggests instead that the trial court could have entered a judgment of conviction reflecting the jury's initial verdict for Count Two, as the jury's verdict of guilt of aggravated sexual battery was the verdict for the greater charge. More importantly, perhaps, nothing in the above case law suggests that this procedure is mandatory and that the trial court would err by instructing the jury to return to the jury room for further deliberations, particularly when, viewing the jury's initial verdicts, "[o]ne can only speculate on what the jury intended to do in this case . . . ." Baldwin v. State, 372 S.W.2d 188, 189 (Tenn. 1963).

Indeed, if a jury's verdict is doubtful, "the court has the power and the duty to send them back to the jury room with directions to amend the verdict and put it in proper form." Meade v. State, 530 S.W.2d 784, 787 (Tenn. Crim. App. 1975). See also State v. Nichols, 877 S.W.2d 722, 730 (Tenn. 1994); State v. Mounce, 859 S.W.2d 319, 322 (Tenn. 1993); State v. Smith, 836 S.W.2d 137, 143 (Tenn. Code Ann. 1992); Gwinn v. State, 595 S.W.2d 832, 835 (Tenn. Crim. App. 1979). Our supreme court has explained:

> "Since the reception of a verdict is not solely a ministerial as distinct from a judicial act, when the jury return (sic) into court with a verdict, it is not a matter of course to receive it in the form in which it is rendered. It is the duty of the Court . . . to look after its form and substance, so far as to prevent an unintelligible, or a doubtful, or an insufficient verdict from passing into the records of the court."

State v. Henley, 774 S.W.2d 908, 915 (Tenn. 1989)(citation omitted). In other words, although a judge may not arbitrarily refuse to accept a jury's verdict and may not coerce the jury to reach a verdict,

_____

(Tenn. 1925)).

8

> [t]he judge is entitled to satisfy herself that the jurors have truly rendered a unanimous verdict. The judge's concern may arise from words uttered by a juror, the improbability of a particular verdict or combination of verdicts, or even a juror's demeanor.

State v. Apodaca, 940 P.2d 478, 483-484 (N.M. Ct. App. 1997). Accordingly, we conclude that the trial court properly instructed the jury to resume deliberations following its initial return of verdicts of guilt for both counts of the appellant's indictment. See also, e.g., Meade, 530 S.W.2d at 787 (when, contrary to the trial court's instructions, the jury returned verdicts of guilt for both receiving stolen property and concealing stolen property, two "separate and distinct crimes," the trial court properly instructed the jury to return to the jury room and resume deliberations); McBride v. State, 290 S.W.2d 648, 651-652 (Tenn. 1956)(when, contrary to the trial court's instructions, the jury found the appellant guilty of receiving, transporting, and possessing intoxicating liquor, the trial court properly instructed the jury to deliberate further and "correct their verdict").

When a jury is sent back to the jury room to reconsider and correct a defective verdict or one based upon an erroneous view of their duty, the jury "'may then disregard their original verdict and return an entirely different one.'" Riley v. State, 227 S.W.2d 32, 34 (Tenn. 1950)(citation omitted). This rule is grounded upon the principle that "[t]here is no verdict, so long as there is any uncertainty or contingency as to the finality of the determination of the jury." Baldwin v. State, 204 S.W.2d 1018, 1018 (Tenn. 1947). Cf. State v. Burridge, No. 01C01-9511-CC-00366, 1996 WL 499516, 1996 WL 499516, at *2 (Tenn. Crim. App. at Nashville, September 5, 1996)(when the trial court returned the jury to the jury room to resume its deliberations concerning sentencing, the "jury could certainly revisit the issue of guilt"). Compare State ex. rel. Myers v. Brown, 351 S.W.2d 385 (Tenn. 1961)(when an unambiguous verdict of acquittal was accepted by the trial judge, who recorded the verdict on his docket, the verdict could not be changed while the jury remained undischarged for the purpose of considering the punishment of co-defendants who were found guilty); State v. Green, 995 S.W.2d 591, 609 (Tenn. Crim. App. 1998), perm. to appeal denied, (Tenn. 1999)("when a jury is discharged, they may not be

9

reassembled to amend or correct their verdict in a substantive way"). Accordingly, the jury was entitled to change their verdict of guilt for Count One of the indictment from aggravated assault to aggravated sexual battery.

Finally, we conclude that the trial court's reiteration of its original instructions to the jury in no way improperly influenced the jury's final decision. Riley, 227 S.W.2d at 702. In short, even assuming that the trial court should have omitted any reference to the original charges of aggravated rape in instructing the jury to resume deliberations, the appellant is unable to demonstrate any prejudice flowing from the trial court's instructions. The jury's initial verdicts encompassed findings of all the essential elements of aggravated sexual battery as charged in Count One of the indictment. The jury's subsequent rearrangement of their findings to reflect a single, unanimous verdict of guilt of aggravated sexual battery for Count One simply reflected their newly acquired understanding that the State was alleging only one offense, the evidence adduced at trial overwhelmingly supported the jury's final verdict.

## B. Lesser Included Offenses

Although not raised by either party, we note in closing that, pursuant to our supreme court's recent decisions in State v. Burns, 6 S.W.3d 453 (Tenn. 1999), and State v. Dominy, 6 S.W.3d 472 (Tenn. 1999), the appellant was subject to conviction of aggravated sexual battery, accomplished by the use of force or coercion and while the appellant was armed with a weapon, on the basis of an indictment charging the offense of aggravated rape, similarly accomplished by the use of force or coercion and while the appellant was armed with a weapon.[3] In

---

[3]We note that defense counsel proffered no objection to the trial court's proposal that it charge the lesser included offense of aggravated sexual battery. However, there is currently some disagreement between different panels of this court concerning what actions by a defendant or defense counsel are necessary to establish a defendant's consent to the amendment of an indictment under Tenn. R. Crim. P. 7(b). See State v. Reeves, No. 01C01-9711-CR-00515, 1999 WL 155926 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1999)(in order to establish a defendant's consent to an amendment to an indictment charging a different offense, the record must reflect a written waiver by the defendant of his right to be charged by a grand jury); State v. Ealey, 959 S.W.2d 605 (Tenn. Crim. App. 1997)(a defendant's request for a jury instruction on an offense not encompassed by the original charge amounted to a consensual amendment to his presentment); State v. Davenport, 980 S.W.2d 407 (Tenn. Crim. App. 1998)(notwithstanding Ealey, this court will not presume a defendant's consent to an amendment of the indictment on the basis of his failure to object to an erroneous lesser included offense instruction); State v. Stokes, No. 01C01-9710-CC-00442, 1999 WL 16805 (Tenn. Crim. App.

10

Burns, our supreme court observed that, under the pure statutory elements approach to lesser included offenses set forth in Howard v. State, 578 S.W.2d 83 (Tenn. 1979), sexual battery is not a lesser included offense of rape, as it requires the additional statutory element "that the touching be for the purpose of sexual arousal or gratification." 6 S.W.3d at 465-466. Thus, the court noted that "in some cases, application of the Howard analysis may deprive the defendant of the right to present a defense." Id. at 465. The court concluded that many jurisdictions had adopted the American Law Institute's Model Penal Code definition of lesser included offenses in order to resolve this problem, Model Penal Code § 1.07(4) (1985), and itself adopted a modified version of the Model Penal Code definition. Id. at 466-467.

> Under Burns,
>
> [a]n offense is a lesser included offense if:
>
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> > (1) a different mental state indicating a lesser kind of culpability; and/or
> > (2) a less serious risk of harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of [facilitation of, an attempt to commit, or a solicitation to commit the offense charged or a lesser included offense].

Id. Thus, implicit in the supreme court's decision is the conclusion that the intent to touch a victim's intimate parts for the purpose of sexual arousal constitutes a mental state reflecting a lesser degree of culpability than the reckless, knowing, or intentional commission of sexual penetration for any reason. See also State v. Gamble, No. 03C01-9812-CR-00442, 2000 WL 45718, at *6 (Tenn. Crim. App. at Knoxville, January 21, 2000).

---

at Nashville), perm. to appeal granted, (Tenn. 1999)(a defendant's expressed approval of the offenses to be charged to the jury amounted to consent to the amendment of the indictment).

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Norma McGee Ogle, Judge


CONCUR:


_____
Jerry L. Smith, Judge


_____
Thomas T. Woodall, Judge