IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2001

**TYRONE V. TURNER v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-48470    J. S. Daniel, Judge**

**No. M2000-01949-CCA-R3-PC - Filed March 29, 2001**

The petitioner, Tyrone V. Turner, appeals the trial court's denial of post-conviction relief. The issue presented for review is whether the petitioner was denied the effective assistance of counsel on direct appeal. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Lance H. Selva, Murfreesboro, Tennessee, for the appellant, Tyrone V. Turner.

Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; and Paul A. Holcombe III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 26, 1996, the petitioner was convicted of second degree murder. The trial court imposed a 22-year sentence. This court affirmed on direct appeal. State v. Tyrone V. Turner, No. 01C01-9707-CC-00249 (Tenn. Crim. App., at Nashville, Sept. 3, 1998). Permission to appeal to our supreme court was denied on March 15, 1999.

On December 9, 1995, the petitioner drove his car to a fast food restaurant where the victim, Cory Ward, was employed. After picking up the victim, the petitioner drove to Murfreesboro and stopped at a convenience market to use a pay telephone. After he had completed his call, the petitioner saw the victim, who had gone inside the market, arguing with a customer. At that point, the petitioner, who was a frequent customer at the market, disengaged the safety on a handgun he had in his possession, placed it in his pocket, and walked inside the market. When he determined that the victim was causing a scene with the manager and another regular customer at the market, the petitioner grabbed the victim, pulled him outside the store in order to prevent a fight, and apologized to the manager. The petitioner then drove to a parking lot and engaged in a heated

argument with the victim. The two men began to fight. When the victim ran to the rear of the vehicle, the petitioner went around the front of the vehicle, took the handgun from his pocket, and shot three times. The petitioner left the scene, threw his gun out the window, and drove to his girlfriend's house. When questioned later by police, the petitioner first claimed that the victim had been shot in a drive-by shooting, but later admitted his involvement. An autopsy revealed that the victim had a blood alcohol content of .26 and had been shot once in the neck and twice in the back from a distance of over two feet.

In his petition for post-conviction relief, filed March 15, 2000, the petitioner alleged, among other things, that his counsel on direct appeal was ineffective for having "waived several issues." In this appeal, he contends that the failure of his counsel to ensure inclusion of the jury instructions in the appellate record resulted in a waiver of his claim on direct appeal that the trial court erred by refusing to charge certain specially requested instructions. The petitioner contends that such a glaring deficiency on the part of his appellate counsel should result in the grant of a new trial, regardless of any showing of prejudice. In the alternative, the petitioner asserts that the inclusion of the instructions "would likely have affected the result of his appeal."

During the evidentiary hearing on the petition for post-conviction relief, the petitioner's trial counsel testified that he had requested special additional instructions on second degree murder and voluntary manslaughter:

(1)     requested supplement to Tennessee Pattern Instruction–Crim. 7.05:

Included in the defendant's plea of not guilty is his plea that his acts constituting the offense charged were the results of being in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner. The issue [is] properly before you based upon the evidence presented.

In this case, the state has the burden of proof beyond a reasonable doubt to establish the absence of the state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner.

If the state fails to establish the absence of this fact beyond a reasonable doubt, or if you have a reasonable doubt on this issue, the defendant may be convicted of no more than voluntary manslaughter.

(2)     requested supplement to Tennessee Pattern Instruction–Crim. 7.06 (to be inserted immediately after the definition of passion):

Included in the defendant's plea of not guilty is his plea that his acts constituting the offense charged were the results of being in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner. This issue [is] properly before you based upon the evidence presented.

In this case the state has the burden of proof beyond a reasonable doubt to establish the absence of the state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner.

If the state fails to establish the absence of this fact beyond a reasonable doubt or if you have a reasonable doubt on this issue, the defendant may be convicted of no more than voluntary manslaughter.

Trial counsel also testified that he had no case law to support his special requests. On direct appeal, counsel argued that the requested instructions would have properly placed the burden on the state to establish the absence of a state of passion. That is, the requested instructions would have limited the verdict to manslaughter unless the state negated the defense claim of passion due to adequate provocation.

Of course, Rule 24 of the Tennessee Rules of Appellate Procedure requires an appellant to prepare a record that presents a complete account of what occurred in the trial court in regard to any issue presented for review. Absent that, this court may not address the merits of the claim. State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); State v. Hopper, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985). Because the jury instructions were not included in the record, this court did, in fact, rule that the issues relating to the specially requested instructions had been waived. The merits of the claim were not addressed even though the trial court had signed an order some six months prior to the release of our opinion, requiring that the record be supplemented, not only by the special requests for instructions but by the general charge to the jury. While the special requests were added to the appellate record, the general charge was not. In consequence, the panel could not compare the nature of the special requests with the substance of the instructions actually provided to the jury. For example, in Broestler v. State, 186 Tenn. 523, 212 S.W.2d 366, 367 (1948), our supreme court refused to consider a jury instruction challenge because the entire charge was not included in the record.

At the conclusion of the evidentiary hearing, during which trial counsel for the petitioner appeared as the only witness, the trial court observed as follows:

I followed the pattern on the second degree murder provision as well as the voluntary manslaughter provision.

It looks like that I even used the suggested definition of passion that [trial counsel] asked for, if not the entirety of it, because I see [the special request] in the original record being struck, part of it.

I did not grant, though, this novel theory instruction that once passion had been raised, then the burden shifts to the State to disprove that state of mind, and that particular special request was not granted.

Ultimately, the trial court determined that appellate counsel was not deficient because the omission of the instructions was the fault of the court clerk's office. The trial court ruled that it was "too high an obligation" to impose upon counsel to assure that the clerk's office had performed its administrative duty. The trial court also found, however, that there was no resulting prejudice even if appellate counsel had been deficient in his efforts to develop a complete record. It concluded that the petitioner had failed to present any legal authority establishing that the special requests were supported by law.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

In the opinion of this court on direct appeal, the panel made the following observation:

> With respect to the appellant's two issues regarding jury instructions, we find it difficult to address these issues without a complete record. Although the appellant supplemented the record on appeal with a copy of his requested jury instructions, we do not have the jury instructions actually given to the jury by the trial court. Rule 24(b) of the Tennessee Rules of Appellate Procedure requires the appellant to prepare

a record on appeal that presents a complete account of what occurred in the trial court regarding any issue presented for our review. Because we do not have the instructions actually given by the trial court to the jury, this issue is waived.

Tyrone V. Turner, No. 01C01-9707-CC-00249, slip op. at 5.

The general instructions provided by the trial court are now in the record. The only argument made by the petitioner is that appellate counsel's failure to include the instructions qualified as a deficient performance of his professional duty and that the omission affected the results of the trial. To prevail, however, the petitioner must establish that the special instructions reflected the state of the law and should have been given. Absent that, the petitioner suffered no prejudice from any deficiency in performance. The only real concern raised by the special requests is whether the state had the burden to "negate" the claim of passion, which, if accepted by the jury, would have warranted a verdict of voluntary manslaughter. The trial court was not persuaded by the petitioner's arguments. The only supportive argument made in this appeal is that the special requests were "largely in line with the type of instructions given in defenses involving insanity and self-defense." The petitioner contends that "in order to convict a defendant for second degree murder the [s]tate must negate beyond a reasonable doubt all of the elements of voluntary manslaughter." For that proposition, he cites as authority Armes v. State, 540 S.W.2d 279 (Tenn. Crim. App. 1976).

The holding in Armes, however, is not as the petitioner suggests. In fact, in that 1976 case, a panel of this court approved an instruction that use of a deadly weapon during a killing raised a presumption of malice "sufficient to sustain a charge of second degree murder unless it is rebutted by other facts and circumstances." Id. at 281. Later, of course, in Sandstrom v. Montana, 442 U.S. 510 (1979), the United States Supreme Court ruled that the "presumption of malice" instruction violated constitutional due process. See State v. Martin, 702 S.W.2d 560, 564-5 (Tenn. 1985), overruled on other grounds by State v. Brown, 836 S.W.2d 530 (Tenn. 1992). In essence, the petitioner's argument, both on direct appeal and now, is that the law requires the state to establish the absence of passion, thereby negating any defense proof thereof. The holding in Armes contains no such implication.

In this instance, the general charge directed the jury that there could be no conviction unless the state had met its burden of proving each of the elements beyond a reasonable doubt. The trial court followed the applicable provisions in the Tennessee Pattern Jury Instructions. Second degree murder was properly defined as an "unlawful" and "knowing" killing of another. See Tenn. Code Ann. § 39-13-210(a)(1); State v. Meade, 942 S.W.2d 561, 564 (Tenn. Crim. App. 1996). Voluntary manslaughter was properly defined as the "intentional" or "knowing" killing of another resulting from "a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." See Tenn. Code Ann. § 39-13-211(a); see also State v. Brown, 836 S.W.2d 530, 543 (Tenn. 1992). It is the duty of the jury to weigh and consider the value of the testimony and the credibility of the witnesses. The trial court has the duty to define provocation, but whether the facts in evidence constitute provocation is a jury question. Freddo v. State, 127 Tenn. 376, 155 S.W. 170 (1913); Seals v. State, 62 Tenn. 459 (1874). Here, the jury determined beyond

a reasonable doubt that the petitioner had committed second degree murder and rejected the claim by the petitioner that there was adequate provocation. That was the jury's prerogative.

In our view, the instructions were in compliance with the applicable law. Thus, the petitioner cannot prevail on a claim of ineffective assistance of counsel. The judgment is, therefore, affirmed.

_____
GARY R. WADE, PRESIDING JUDGE